# John T. Ellis, Trustee of Elizabeth M. Plank, *v.* William Martin, Appellant.

*Execution—Assignment for the benefit of creditors—Contract.*

Where the plaintiff in an execution against her husband agrees that the execution shall be stayed, and that the property levied upon, consisting of farm stock and grain, shall be sold by the assignee for the benefit of creditors of her husband, the proceeds to be applied on the execution, and the assignee permits the plaintiff to retain possession of the property for eleven months, during which a portion of the grain is fed by plaintiff and her husband to the stock on the farm, and the rest of it is apparently appropriated by the husband, plaintiff is estopped from maintaining any claim against the assignee for the value of the grain.

Argued May 22, 1895. Appeal No. 390, Jan. T., 1895, by defendant, from judgment of C. P. Lancaster Co., March T., 1893, No. 6, on verdict for plaintiff. Before STERRETT, C. J., WILLIAMS, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit to recover the proceeds of the sale of personal property. Before LIVINGSTON, P. J.

At the trial it appeared that on April 2, 1889, John N. Plank, a farmer, confessed a judgment to John T. Ellis in trust for Elizabeth M. Plank, his wife. Execution was issued on the judgment, and a levy was made upon live stock, hay, grain and farming implements belonging to Plank. Subsequently Plank made an assignment to William Martin for the benefit of Plank's creditors. It was agreed between Ellis, Martin and the sheriff, that the property should be sold by the assignee instead of by the sheriff, but the lien of the levy was to remain, and the proceeds of the sale were to be paid to Ellis as trustee. John N. Plank and wife lived on the assigned premises after the assignment, and used the horses, cattle and machinery, grain and feed and straw levied on in the execution, and in March, 1890, William Martin, assignee, made sale of all the personal property remaining on the premises, at which sale Mrs. Plank bought of her own and other goods amounting to $566.90. She afterwards presented a statement to William Martin, assignee, showing her goods to have brought $529.73, and asked the assignee in addition to pay for wheat in ground appraised at $70.00, oats

in granary appraised at $35.00 and corn in granary appraised at $75.00, leaving a balance due her as claimed of $142.83. The evidence tended to show that corn and oats had been fed to stock on the farm by Plank and his wife, and that the wheat had been disposed of by either Plank or his wife.

Defendant's points were, among others, as follows:

" 4. The court is asked to charge the jury that if John N. Plank and wife used the goods claimed in this suit, the verdict must be for defendant. *Answer :* We say he has a right to set off, as I told you, for what goods she sold and obtained the money for, or what she actually appropriated to her own use of these goods that were levied on. [4]

" 5. The court is asked to charge the jury that under all the evidence the verdict must be for the defendant. *Answer :* We say, no. We refuse that point. That is not correct." [5]

Verdict and judgment for plaintiff for $178.50. Defendant appealed.

*Errors assigned* were (4, 5) above instructions, quoting them.

*E. M. Gilbert*, for appellant, cited : Com. to use v. Stremback, 3 Rawle, 341 ; Keyser's App., 13 Pa. 408 ; Kent, Santee & Co.'s App., 87 Pa. 165 ; Mann's App., 50 Pa. 375.

*J. W. Johnson*, for appellee.

OPINION BY MR. JUSTICE FELL, July 18, 1895 :

John N. Plank confessed a judgment to secure a debt due his wife, and the next day an execution was issued on it and a levy made on his personal property. On the day following he made an assignment of all his property to William Martin for the benefit of his creditors. It was then agreed that the property should be sold by the assignee instead of by the sheriff, but the lien of the levy was to remain, and the proceeds of the sale were to be paid to the trustee of Mrs. Plank in satisfaction of her judgment. The sheriff upon being relieved of responsibility withdrew from the custody of the property and it was left in the nominal possession of the assignee, but in the actual possession of the assignor and his wife and under their exclusive control until it was sold at public sale about eleven

months afterwards. The property consisted of live stock, grain, hay and farming implements, and could not be sold to advantage at the time of the assignment. In order to carry and preserve the property until the season for its sale, as well as to provide a temporary home for the assignor and his wife and family, the assignee agreed that the property should remain in their care, that they should conduct the farming operations, use what they needed of the produce, and that he would pay their store and butcher bills. The judgment confessed was for $1,400, the proceeds of the sale amounted to about $900, and the plaintiff was paid the full amount realized from the sale of the property on which the execution was a lien and a dividend on the judgment from the balance of the fund. It is claimed however that some property, consisting of wheat in the ground and oats and corn in the granary, which were subject to the levy, were not accounted for by the defendant, and this action was brought to recover their value.

The plaintiff waived her right to have the property sold by the sheriff and with her consent it passed to the assignee that it might be sold in the due course of the administration of the assigned estate. This of necessity involved delay, which was further increased by her agreement for the use of the live stock and implements in carrying on the farming operations until the spring following. In the meantime it was necessary that the stock should be fed. It was being held for a better market and used to provide her family with a home and support. That this was the understanding is apparent. The plaintiff testified: "I said, 'What are we to do?' He (the defendant) said, 'We should farm on as we have been.' I said, 'We can't go to the store; people won't trust me now.' He replied, 'I will give you a book on the store.' We were uneasy to know how to get along." Under this arrangement the oats and corn were fed to the horses and cows. The wheat was harvested and used in part for seeding, and the balance went in some way to the support of the family. When the sale was made the assignee found no grain on the place, and he paid store bills to the amount of several hundred dollars.

The oats and corn were sufficiently accounted for by the fact that they were fed to the stock which was being held with her consent and for her benefit. The levy was on a growing crop

of wheat, and she was not entitled to the price of the grain without deducting the expenses of harvesting and threshing. Four bushels appear to have been used in payment of wages in gathering other crops which were sold for the benefit of the estate, and the rest was unaccounted for to the assignee, who is held by the verdict for its full value. The plaintiff was a party to the agreement by which the property was intrusted to the care and management of herself and her husband for their benefit as well as that of his creditors. She could not recover property which she had converted to her own use, and under the circumstances her assent to its appropriation by her husband is to be presumed, and she is estopped from maintaining any claim against the defendant for its value.

The fourth and fifth assignments of error are sustained and the judgment is reversed.